1  Michael Petramala
   Post Office Box 60222
2  Phoenix, Arizona 85082
   Plaintiff pro se
3

```
    FILED         LODGED
    RECEIVED      COPY

        FEB 1 0 2020

    CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
    BY                   DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Petramala, | CV-20-00300-PHX-JJT<br>NO: 20-CV-00000- |
| Plaintiff, | PLAINTIFF'S CIVIL RIGHTS AND ADA AND FAIR HOUSING COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION |
| v. | |
| City of Phoenix, Heinz Troska Living Trust, Heinz Troska, | (Jury trial demanded) |
| Defendants. | |

**PARTIES**

1.  Michael Petramala is a qualified disabled citizen. Title II of the Americans with Disabilities Act of 1990, 104 Stat. 337, 42 U. S. C. §§12131-12165, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." §12132.

2.  The City of Phoenix is a city within the State of Arizona that operates a HUD section 8 program which provides an entitled federal benefit to Petramala.

3.  Heinz Troska Living Trust and/or Heinz Troska[1] is the owner and/or manager of a property, which is rented to Petramala under the section 8 housing program.

---

[1] Heinz Troska was born in Germany and has access to the European banking system to conceal the source of the funds used to purchase properties and has purchased 38 properties in or near the 85014 zip code and rents primarily to drug dealers and users and provides a safe haven for drug activity.

**JURISDICTION**

4. This is a federal question case and jurisdiction is based under 28 U.S.C. § 1331. This case seeks relief under the American's With Disabilities Act, the Rehabilitation Act, the Civil Rights Act, and the Fair Housing Act.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

COUNT I – ADA 42 U.S.C. §§ 12101-12213 and REHABILITATION ACT 29 U.S.C. §§ 701 et. seq.

6. The section 8 program is a public program eligible for ADA reasonable accommodation requests.

7. Petramala made reasonable accommodation request in April 2019 to Defendant Heinz Troska and Defendant Heinz Troska Living Trust to cease and desist marijuana smoke in the Triplex, which had a shared attic and harmed Petramala due to a respiratory disability. Petramala's neighbor Jazmine Badilla and her unauthorized guest Tahar Salazar both with large lung capacity were smoking a lot of marijuana which harmed Petramala due to respiratory disability. Unauthorized guest Tahar Salazar was also engaging in drug sales transactions and threatened to attack Petramala after filing an ADA reasonable accommodation request. Defendant Heinz Troska retaliated and chastised Petramala for complaining about drug activity on the property and rebuked Petramala never to complain about drug activity again and denied Petramala a nonsmoking Triple-wide reasonable accommodation and issued Petramala a notice to vacate.

8. Petramala filed a Fair Housing administrative complaint with the Arizona Attorney General. After investigation Petramala and Defendant Heinz Troska participated in conciliation and Petramala dismissed the administrative complaint after detrimentally relying on Defendant Heinz Troska agreeing to indefinitely allow Petramala to remain a tenant and Defendant Troska guaranteeing a non-smoking replacement neighbor after the smoking tenants left.

9. On or about May 2019 Petramala requested an ADA parking accommodation to Defendant Heinz Troska, which was denied.

10. On or about September 2019 Petramala's air conditioner broke and Defendant Heinz Troska told Petramala to find another place thereby denying him housing.

11. On or about October 31, 2019, Defendant Heinz Troska stated that Petramala will leave because Defendant Heinz Troska did not want to rent to disabled people.

12. In December 2019, Petramala requested to rent three other publicly advertised properties from Defendant Heinz Troska and Defendant Heinz Troska Living Trust and to re-rent his current apartment from Defendant Heinz Troska and Defendant Heinz Troska Living Trust but Defendant Heinz Troska stated he did not want to rent to disabled people.

13. On or about January 15, 2019 Heinz Troska retaliated against Petramala by breaking down his door and threatening him via the constable of Maricopa County justice court based on a nonrenewal eviction action, which amounted to disability discrimination. The rules of section 8 were not followed specifically page 11 of *HUD Occupancy Handbook*: Termination of Tenancy by Owners, which states, in pertinent part, "An owner must not refuse to renew a lease solely because a lease term has expired." The nonrenewal notice was also never send by certified mail to Defendant City of Phoenix in violation of the lease addendum and 24 CFR 982.310.

14. Subsidized housing benefits are protected by the Fourteenth Amendment to the Constitution. Due process requires a proper 60-day nonrenewal notice for Section 8 tenancies and good cause for nonrenewal of subsidized leases pursuant to the restrictions in the HAP contracts and the lease addendums. The October 25, 2019 notice by Defendant Heinz Troska and the January 31, 2020 notice by Defendant City of Phoenix fails to specify specific violations thereby depriving Petramala of due process notice as above required. *See Escalara v. NYCHA*, (U.S. Court of Appeals 2nd Cir. 1970) and *Caulder v. Durham Housing Authority*, 433 F.2d 998.

14. The notice of termination must be specific in order to prepare the tenant on Section 8 to

-3-

prepare a defense and investigate the matter. See *Billington v. Underwood*, 613 F.2d 94. See also *Green v. McElroy*, 79 S.Ct. 1400, 1413 (1959), which indicated that part of the function of a notice is to give the charged party a chance to marshal facts in his defense and to clarify. In summary, Defendant Heinz Troska and Defendant Heinz Troska Living trust should be terminated from section 8 and Petramala should be kept safely on Section 8.

15.     The notice also violates the holdings of *United States v. Applewood of Cross Plains* (W.D. Wis.) wherein a disabled tenant had her lease nonrenewed due to disability and this was found to be unlawful. That is exactly the same fact pattern as occurred by Landlord against Petramala, which is prohibited.

16.     Petramala was never personally served with any notice nor state court summons, which violated established United States Supreme Court precedent requiring personal service for actions relating to federal housing benefits thus any non personally served nonrenewal notices or state court eviction actions cannot be used to deny federal housing benefits. Specifically, Defendant Heinz Troska, Heinz Troska Living Trust and Defendant City of Phoenix failed to comply with the binding precedent of *Greene v. Lindsey*, 456 US 444 (U.S. Supreme Court,1982).  The holdings of *Greene* held that posting process for an eviction action based on a Kentucky eviction service of process statute similar to Arizona's was insufficient.  Kentucky subsidized housing recipients successfully prevailed on a due process clause challenge to the Kentucky service of process statute which granted unconstitutional exceptions to the usual methods of civil service of process in eviction actions. The United States Supreme Court states, "As the process servers were well aware, <u>notices posted on apartment doors in the area where these tenants lived were "not infrequently" removed by children or other tenants before they could have their intended effect</u>. Under these conditions, notice by posting on the apartment door cannot be considered a "reliable means of acquainting interested parties of the fact that their rights are before the courts." Mullane, 339 U. S., at 315."

17. The result of Defendant's processing of the ADA requests ended in Petramala being victimized by a retaliatory termination for requesting an ADA accommodation to live in a drug smoke free housing unit in order to have a safe and healthful living existence. This violates the ADA and caused homelessness and damages to Petramala.

## COUNT II – FAIR HOUSING ACT, 42 U.S.C. § 3604

18. On or about December 4, 2019 Defendant Heinz Troska denied Petramala an available housing unit due to disability discrimination in accordance with the brief pleading precedent established in *Hunt v. AIMCO*, 814 F.3d 1213 (2016) to wit: 3344 East Osborn Road, Phoenix, Arizona.

## COUNT III – FAIR HOUSING ACT, 42 U.S.C. § 3604

19. On or about December 4, 2019 Defendant Heinz Troska on behalf of Defendant Heinz Troska Living Trust denied Petramala an available housing unit due to disability discrimination in accordance with the brief pleading precedent established in *Hunt v. AIMCO*, 814 F.3d 1213 (2016) to wit: 2931 East Osborn Road, Phoenix, Arizona.

## COUNT IV – FAIR HOUSING ACT, 42 U.S.C. § 3604

20. On or about December 4, 2019 Defendant Heinz Troska on behalf of Defendant Heinz Troska Living Trust denied Petramala an available housing unit due to disability discrimination in accordance with the brief pleading precedent established in *Hunt v. AIMCO*, 814 F.3d 1213 (2016) to wit: 2129 North 26th Place, Phoenix, Arizona.

## COUNT V – FAIR HOUSING ACT, 42 U.S.C. § 3604

21. On or about January 29, 2020 Defendant Heinz Troska on behalf of Defendant Heinz Troska Living Trust denied Petramala an available housing unit due to disability discrimination to wit: Petramala's current unit he has been unlawfully ousted from in violation of the Fair Housing Act in accordance with the brief pleading precedent established in *Hunt v. AIMCO*, 814 F.3d 1213 (2016).

COUNT VI – SECURITY DEPOSIT RETURN A.R.S. § 33-1321

22. On or about January 22, 2019 of the statutory demand letter was sent, Defendant Heinz Troska Living Trust failed to return the $500 security deposit to Petramala thereby mandating the awarding of statutory damages of $1,000 which is twice the amount wrongfully withheld.

COUNT VII – BREACH OF RENTAL CONTRACT AND DETRIMENTAL RELIANCE

23. During 2019 through 2020 Defendant Heinz Troska Defendant Heinz Troska Living Trust breached the rental contract it had with Petramala which required a nonrenewal notice to be issued prior to October 13, 2019 by not issuing a notice until at least on or after October 29, 2019 and never serving the same and also by violating the doctrine of detrimental reliance by unlawfully ousting Petramala after agreeing to allow Petramala to live at the Triple indefinitely in exchange for dismissal of the April 2019 Fair Housing complaint.

COUNT VIII – 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION - FOURTEENTH AMENDMENT DUE PROCESS

24. Defendant City of Phoenix and Defendant Heinz Troska separately and collectively violated Petramala's rights to the section 8 program and fair housing rights to live in a safe and drug free subsidized housing unit.

25. In 2019 Petramala filed complaints with Defendant City of Phoenix regarding a drug lab operated by Unit 3 resident Kathy Mayerchik, which was causing fatigue, sore throat, and headache due to the ammonia and ether and other chemical burning smell and fumes. Mayerchik also told Petramala and Defendant Heinz Troska that she did not want to live next to anyone who was mentally defective. Defendant Heinz Troska also punished Petramala for violating his code of silence regarding drug activity complaints on his properties and discriminating in the terms, conditions, or privileges of the apartment against Petramala due to disability.

26. Defendant Heinz Troska was born in Germany and has access to the European banking

system to make financial transactions undetected and came to the United States to engage in money laundering relating to real estate and promotion of drug activity therein. Troska has approximately 38 properties in or near the 85014 zip code he acquired and utilized in money laundering in furtherance of his criminal enterprise of assisting the drug trade by providing a safe have for drug activity on his properties.

27.     In 2019 Petramala filed complaints with Defendant City of Phoenix regarding drug sales and smoke from Jazmine Badilla and her unauthorized guest Tahza Salazar. Salazar conducted drug sales on the property which put Petramala at risk since he was on NICS and unable to defend himself from possible violence and threats during the activity complained of.

28.     In violation of Petramala's civil rights Defendant City of Phoenix punished Petramala by attempting to terminate him for filing the complaints above and due to disability rights violations against Petramala.

29.     Subsidized housing benefits are protected by the Fourteenth Amendment to the Constitution. Due process requires a proper 60-day nonrenewal notice for section 8 tenancies and good cause for nonrenewal of subsidized leases pursuant to the restrictions in the HAP contracts and the lease addendums. Moreover the letter by Defendant City of Phoenix dated January 31, 2020 fails to specify specific violations thereby depriving Petramala of due process notice as above required. See *Escalara v. NYCHA*, (U.S. Court of Appeals 2nd Cir. 1970) and *Caulder v. Durham Housing Authority*, 433 F.2d 998.

30.     The notice of termination must be specific in order to prepare the tenant on section 8 to prepare a defense and investigate the matter. See *Billington v. Underwood*, 613 F.2d 94. See also *Green v. McElroy*, 79 S.Ct. 1400, 1413 (1959), which indicated that part of the function of a notice is to give the charged party a chance to marshal facts in his defense and to clarify. In summary, the matter must changed to terminate the Defendant Heinz Troska instead and keep Petramala safely on section 8.

31.     Defendant City of Phoenix's notice also violates the holdings of *United States v. Applewood of Cross Plains* (W.D. Wis.) wherein a disabled tenant had her lease nonrenewed due to disability and this was found to be unlawful. That is exactly the same fact pattern as occurred by Landlord against Petramala, which is prohibited.

32.     Petramala suffered damages including homelessness due to the above civil rights due process violations by Defendant City of Phoenix, Defendant Heinz Troska, and Defendant Heinz Troska Living Trust.

33.     Defendant City of Phoenix and Defendant Heinz Troska and Defendant Heinz Troska Living Trust had an improper motive when violating Petramala's clearly established substantive due process rights and clearly established procedural due process civil rights by failing to terminate Heinz Troska as a section 8 landlord, failing to order Troska to allow Petramala to return to his subsidized unit, and failing to protect Petramala from harm due to filing complaints against the Troska criminal enterprise.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against defendants as follows:

A.     Grant a preliminary injunction that Defendant City of Phoenix pay Petramala from January 1, 2020 onward his $1006 housing payment directly to him due to Petramala being unlawfully ousted from his assisted unit due to disability discrimination in order for Petramala to pay an extended stay or weekly hotel in order to have a place to live pending searching for a new subsidized unit.

B.     Order that Defendant City of Phoenix remove Heinz Troska, Jason Troska, and any trust or affiliate of the same all to be terminated from section 8 landlord participation in the City of Phoenix subsidized housing rentals.

C.     Grant a preliminary injunction pending final resolution of the matter that Defendant Heinz Troska and Defendant Heinz Troska Living Trust to allow the return of Plaintiff Petramala

-8-

to his subsidized unit and keep Petramala's personal items in the unit until such return of residence is effected.

D.      Grant a preliminary injunction to overturn any adverse decision from Defendant City of Phoenix affecting Plaintiff's participation as a section 8 tenant in good standing.

E       A money judgment against Defendant City of Phoenix, Defendant Heinz Troska, and Defendant Heinz Troska Living Trust for damages relating to pain and suffering in the freezing cold while homeless as a result of the civil rights violations against Plaintiff Petramala as well as moving and relocation expenses and loss of items incurred during the forced unlawful ouster from Petramala's subsidized housing unit.

F.      A money judgment against Defendant Heinz Troska and Heinz Troska Living Trust for $1,000.00 the amount of twice the wrongfully withheld security deposit.

G.      A money judgment against Defendant Heinz Troska and Defendant Heinz Troska Living Trust for each count of Fair Housing Violation statutory damages of $22,000 each plus 10% punitive damages of the value of the defendant for each violation.

H.      Grant such other and further relief that is necessary and proper.

DATED this 10th day of February 2020.

By    /s/ Michael Petramala
      Michael Petramala
      Post Office Box 60222
      Phoenix, Arizona 85082
      Plaintiff pro se

Copies of the foregoing this day to:

Phoenix City Attorney's Office
Phoenix City Hall
200 W. Washington St., 13th Floor
Phoenix, AZ 85003
PHONE: 602-262-6761
FAX: 602-732-2768

Case 2:20-cv-00300-JJT   Document 1   Filed 02/10/20   Page 10 of 10

Clint Dunaway, Esq.
Attorney for Defendants Heinz Troska and Heinz Troska Living Trust
1845 South Dobson Road Suite 201
Phoenix, AZ 85202
Clint@dunawaylg.com

-10-