**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-20-00300-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Verified Application for Temporary Restraining Order Against Defendant City of Phoenix Until Preliminary Injunction Can Be Heard (Doc. 26, TRO Application), to which Defendant City of Phoenix filed a Response (Doc. 31, Resp.) and Plaintiff filed a Reply (Doc. 33, Reply). The Court finds this matter appropriate for resolution without oral argument or a hearing. *See* LRCiv 7.2(f).

**I.   BACKGROUND**

Plaintiff Michael Petramala, who proceeds *pro se* in this lawsuit, filed a Complaint against Defendants Heinz Troska and the Heinz Troska Living Trust ("the Troska Defendants"), who are owners and/or managers of HUD Section 8 housing that Plaintiff rented, and the City of Phoenix, which gave Plaintiff housing assistance for some period of time. (Doc. 1, Compl.) Although it is not entirely clear, it appears that Plaintiff lived in the subject Section 8 housing from sometime in 2019 to sometime in January 2020, when it appears the City terminated his housing assistance and/or he was evicted by the Troska Defendants. In the Complaint, Plaintiff raises seven counts against the Troska

Defendants—against whom he does not now seek injunctive relief—and one claim against the City. In that claim, Plaintiff alleges that the City discriminated against him on the basis of a respiratory disability by "attempting to terminate him" because he filed complaints regarding "drug sales and smoke" on the housing property. (Compl. ¶¶ 27-28.) Plaintiff also alleges that the City violated his due process rights because its January 31, 2020, nonrenewal notice of Section 8 housing "fail[ed] to specify specific violations." (Compl. ¶ 29.)

Plaintiff now requests a Temporary Restraining Order requiring the City to pay him $1,006 per month "for March 2020 and onward until the preliminary injunction is heard" so that he can obtain a hotel room in which to reside. (TRO Application at 3.)[1]

## II. LEGAL STANDARDS

The Court applies the same standard to a request for a Temporary Restraining Order as for a Preliminary Injunction. To obtain a preliminary injunction, a plaintiff must show that "(1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

To begin with, the Court agrees with the City (Resp. at 2) that the monetary relief Plaintiff seeks in his TRO Application is ordinarily a legal, not equitable, remedy, and thus inappropriate as injunctive relief. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). Requested remedy aside, Plaintiff has not demonstrated a likelihood of success on the merits of his claim against the City, which by itself is fatal to his TRO Application.

---

[1] After the present TRO Application was fully briefed, Plaintiff filed a First Amended Complaint (Doc. 34, "FAC")) raising six claims against the City, five of which mirror the single claim in the original Complaint and another of which sets forth a new theory of the City's liability. The Court will note in this Order which claims in the FAC mirror the claim in the Complaint against the City. Because Plaintiff appears to have raised one new theory of liability against the City in the FAC (Count XIII) after applying for a TRO, and the City has had no opportunity to address it, the Court will not consider the new theory in the FAC in resolving Plaintiff's TRO Application.

Plaintiff does not provide any evidence with his TRO Application, so the Court must rely on Plaintiff's allegations in his Complaint to examine the merits of his claim. The first aspect of Plaintiff's claim against the City is one of housing discrimination under the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"). Plaintiff does not specifically identify on what basis he brings that claim, but such a claim may proceed on a theory of disparate treatment, disparate impact, and/or failure to accommodate a disability.

As the City lays out in its Response, a disparate treatment claim requires that Plaintiff show among other things that the City had a discriminatory motive in terminating Plaintiff's housing assistance, that is, that the City intended to discriminate against Plaintiff based on his alleged respiratory disability. *See Gamble v. City of Escondido*, 104 F.3d 300, 305-06 (9th Cir. 1997). Plaintiff makes no such showing, through non-conclusory allegations in the Complaint or otherwise, and a disparate treatment claim thus fails. Likewise, Count X of the FAC fails for the same reason.

A disparate impact claim requires Plaintiff to show that the City has facially neutral practices or policies that have a significantly disproportionate adverse impact on a protected class. *See Pfaff v. U.S. Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1996). Plaintiff's Complaint identifies no such City practices or policies in giving housing assistance and makes at best conclusory allegations in that regard, and a disparate impact claim thus also fails. Likewise, Count XI of the FAC fails for the same reason.

A failure to accommodate claim requires Plaintiff to show that (1) Plaintiff has a disability under the FHA; (2) the City knew of the disability; (3) a reasonable accommodation may have been necessary to give Plaintiff an equal opportunity to use and enjoy the housing assistance; and (4) the City refused to make the accommodation in providing Plaintiff housing assistance. *See Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003). Beyond conclusory allegations, which are insufficient to state a claim, Plaintiff has not demonstrated any of these elements. Likewise, Count XII of the FAC fails for the same reason.

In the Complaint, Plaintiff also identifies another aspect of his claim against the City, namely, a due process violation. Here, Plaintiff appears to allege that the City's Notice of the termination of his housing assistance was inadequate. For its part, the City points out that Plaintiff cites the incorrect HUD guidance for the type of housing voucher he possessed and that the City complied with the applicable HUD Notice requirements. In any event, Plaintiff's due process claim contains no non-conclusory details or factual allegations, instead saying only that the City's Notice "fail[ed] to specify specific violations"—much like Plaintiff's Complaint itself. Not only is this insufficient to demonstrate a likelihood of success on the merits, as required for injunctive relief, but this is insufficient to state a due process claim under the Rules of Civil Procedure. Likewise, Counts VIII and IX of the FAC fail for the same reasons.

In sum, Plaintiff has failed to demonstrate a likelihood of success on the merits of any of his claims against the City, and the Court will therefore deny his request for preliminary injunctive relief. *See Garcia*, 786 F.3d at 740 ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* elements]." (internal quotations omitted)).

**IT IS THEREFORE ORDERED** denying Plaintiff's Verified Application for Temporary Restraining Order Against Defendant City of Phoenix Until Preliminary Injunction Can Be Heard (Doc. 26).

Dated this 29th day of April, 2020.

_____
Honorable John J. Tuchi
United States District Judge