**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-20-00300-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is *pro se* Defendants Heinz Troska and the Heinz Troska Living Trust's (collectively, "Troska") Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 42, MTD), to which *pro se* Plaintiff Michael Petramala filed a Response (Doc. 44, Resp.) and Troska filed a Reply (Doc. 45, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

Plaintiff filed a Complaint against Troska, who Plaintiff alleges owns and/or manages U.S. Department of Housing and Urban Development ("HUD") Section 8 housing that Plaintiff rented, and Defendant City of Phoenix, which provided Plaintiff housing assistance for some period of time. (Doc. 1, Compl.) Although it is not entirely clear, it appears that Plaintiff lived in the subject housing from sometime in 2019 to sometime in January 2020, when it appears the City terminated his housing assistance and/or he was evicted by Troska. The Court denied Plaintiff's Motion for Temporary Restraining Order sought against the City (Doc. 35), and subsequently Plaintiff voluntarily dismissed his

claims against the City (Doc. 41). Although Plaintiff filed two complaints after the initial Complaint, he later withdrew them, so the initial Complaint remains the operative pleading. (*See* Doc. 41.)

In the Complaint, Plaintiff alleges he has a respiratory disability and that Troska refused to prohibit smoking in residential units adjacent to Plaintiff's, such that Plaintiff had to breathe second-hand smoke from other units. Plaintiff also alleges that Troska refused to allow him to renew his lease when it expired or rent units to him at other addresses because Troska did not want to rent to disabled people. Plaintiff raises eight claims against Troska, under (1) the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. § 1331, for failure to provide reasonable accommodation; (2–5) the Fair Housing Act, 42 U.S.C. § 3604 ("FHA"), for refusal to rent to him on account of his disability; (6) A.R.S. § 33-1321, for failing to return his security deposit; (7) state law breach of contract and detrimental reliance, for failing to timely provide him with a nonrenewal notice; and (8) 42 U.S.C. § 1983, for civil rights violations. (Compl. ¶¶ 6–33.) Troska now moves to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or for a more definite statement under Federal Rule of Civil Procedure 12(e).

## II.   LEGAL STANDARD

Because the Court will resolve Troska's Motion under Rule 12(b)(6), the Court need not conduct an analysis under Rule 12(e). When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III. ANALYSIS**

    **A. Count 1: Failure to Reasonably Accommodate**

Plaintiff alleges that Troska's refusal to prohibit smoking in residential units adjacent to Plaintiff's was an actionable violation of the ADA and Rehabilitation Act. To begin with, Plaintiff's factual allegation of a disability consists entirely of the statement that the second-hand smoke "harmed [Plaintiff] due to a respiratory disability." (Compl. ¶ 7.) An essential element of a claim of housing discrimination based on a disability under the ADA, Rehabilitation Act, or FHA is that the claimant is "handicapped" under the relevant Act.[1]

> The FHA defines a "handicapped" person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who is "regarded as having such an impairment." 42 U.S.C. § 3602(h)(1), (3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

---

[1] For the Court's purposes here, Plaintiff's claim of failure to accommodate in housing based on a disability is the same under the ADA, the Rehabilitation Act, and the FHA; the difference, not relevant here, is that such a claim under the FHA does not require the subject housing to be under a federal assistance program.

*Hall v. Meadowland Ltd. P'ship*, 7 F. App'x 687, 689 (9th Cir. 2001). While Plaintiff conclusorily alleges he is has a "respiratory disability," the Complaint lacks any non-conclusory factual allegations from which the Court could infer that Plaintiff is "handicapped" under the Acts, that is, "substantially limited" due to an apparent respiratory condition. *See id.* Indeed, in his Response to Troska's Motion to Dismiss, Plaintiff asserts that he was discriminated against on the basis of a "mental disability," which appears nowhere in the Complaint. (Resp. at 3.)

Next, Plaintiff bases his claim of failure to reasonably accommodate a disability on Troska's refusal to prohibit Plaintiff's neighbors from smoking in their apartments (*e.g.* Compl. ¶ 7), but that refusal in and of itself is not actionable. The FHA provides that, with regard to common areas of a multi-unit dwelling, a landlord must make reasonable accommodations to allow a "handicapped" person equal opportunity to enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B). Such an accommodation does not extend to a prohibition on others' activities in their private units. The FHA also provides that a landlord must not refuse to allow a tenant to make reasonable modifications to his own private unit to accommodate his "handicap," but such modifications are at the cost of the tenant and must be returned to the pre-modification state when the tenant vacates the unit. 42 U.S.C. § 3604(f)(3)(A). Plaintiff does not allege that, for example, Troska refused to allow him to install air filtration in his own unit.

For these reasons, Plaintiff fails to adequately state a claim for failure to reasonably accommodate a disability in housing. If a defect in a complaint can be cured, the plaintiff is entitled to amend it before a claim is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, the Court finds that the defects in Plaintiff's claim, as discussed above, could possibly be cured by amendment, and Plaintiff may thus amend his Complaint if he so chooses. Because Plaintiff already filed First and Second Amended Complaints—even though he later withdrew them—any next amended Complaint shall be titled "Third Amended Complaint" for the sake of clarity.

### B.    Counts 2–5: Disparate Treatment under the FHA

In Counts 2 through 5, Plaintiff alleges that Troska refused to renew the lease on Plaintiff's apartment and refused to rent other units he owns or manages to Plaintiff because Plaintiff is disabled. These claims suffer from the same deficiency as the Court discussed above regarding whether Plaintiff is "substantially limited" and thus "handicapped" under the FHA. Moreover, the FHA's prohibition of disparate treatment in housing, as Plaintiff seems to allege here, applies only to certain dwellings; the prohibition does not apply to dwellings of four or fewer residential units in which the landlord or owner resides. The Complaint does not contain any non-conclusory factual content from which the Court can determine if the FHA's prohibition applies to the dwellings Plaintiff identifies. 42 U.S.C. § 3603(b)(2). Indeed, in his Response to Troska's Motion, Plaintiff states his dwelling was a house divided into three units. (Resp. at 1.) For these reasons, the Court will dismiss Counts 2 through 5, but Plaintiff may file a Third Amended Complaint if he can remedy these defects. *See Lopez*, 203 F.3d at 1130.

### C.    Count 8: Section 1983

Plaintiff also contends that Troska violated his civil rights, which Plaintiff claims is actionable under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must first allege state action. Determining whether a person or entity is subject to suit under § 1983 is the "same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). For a court to answer this question in the affirmative, a plaintiff must show that two requirements are met: (1) the deprivation to the plaintiff "must result from a governmental policy," and (2) "the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." *Id.*

Plaintiff's allegations do not meet either requirement. The Complaint contains no non-conclusory allegations that Troska's refusals are part of a governmental policy. Moreover, on the face of the Complaint, Troska is not a governmental actor. Accordingly,

Plaintiff fails to allege a state action sufficient to raise a § 1983 claim. *See id.* at 836–43. Because Plaintiff cannot cure these defects by amendment, the Court will dismiss Count 8 with prejudice.

### D.     Counts 6–7: State Law Claims

The Court agrees with Troska (MTD at 2) that, in the absence of claims under federal law, the Court lacks jurisdiction over Plaintiff's state law claims. Thus, if Plaintiff cannot state a federal question claim, the Court will dismiss the remaining state law claims for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 42). Count 8 is dismissed with prejudice.

**IT IS FURTHER ORDERED** that, on or before April 12, 2021, Plaintiff may file a Third Amended Complaint if he can cure the defects in Counts 1–5 as identified in this Order. Any amended complaint shall not contain Count 8 and shall not contain claims against the City of Phoenix, which Plaintiff voluntarily dismissed in this action.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to timely file a Third Amended Complaint, the Clerk of Court is directed to enter a final judgment of dismissal and close this case.

Dated this 26th day of March, 2021.

Honorable John J. Tuchi
United States District Judge