**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-20-00300-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, *et al.*, | |
| Defendants. | |

At issue is *pro se* Defendant Heinz Troska's Motion to Dismiss (Doc. 49, MTD), to which *pro se* Plaintiff Michael Petramala filed a Response (Doc. 50, Resp.) and Troska filed a Reply (Doc. 51, Reply). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

Plaintiff filed a Complaint against Troska, who Plaintiff alleges owns and/or manages U.S. Department of Housing and Urban Development ("HUD") Section 8 housing that Plaintiff rented, and Defendant City of Phoenix, which provided Plaintiff housing assistance for some period of time. (Doc. 1, Compl.) Although it is not entirely clear, it appears that Plaintiff lived in the subject housing from sometime in 2019 to sometime in January 2020, when it appears the City terminated his housing assistance and/or he was evicted by Troska. The Court denied Plaintiff's Motion for Temporary Restraining Order sought against the City (Doc. 35), and subsequently Plaintiff voluntarily dismissed his claims against the City (Doc. 41). Although Plaintiff filed two complaints after the initial

Complaint, he later withdrew them. In a prior Order, the Court dismissed the Complaint (Doc. 46), and now before the Court is Troska's Motion to Dismiss what is styled as Plaintiff's Third Amended Complaint (Doc. 47, TAC).

In the TAC, Plaintiff alleges he is "handicapped" under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA"), without identifying a specific handicap. In the original Complaint, Plaintiff alleged he had a respiratory handicap and that Troska refused to prohibit smoking in residential units adjacent to Plaintiff's, such that Plaintiff had to breathe second-hand smoke from other units. Plaintiff no longer makes those allegations in the context of his federal claims, and rather alleges that Troska discriminated against him on account of his unidentified handicap by failing to provide him with "a closer parking spot" upon Plaintiff's request, and also by refusing to rent three other units Troska allegedly managed to Plaintiff. Plaintiff now raises five federal law claims against Troska, under (Count 1) the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA") and the Rehabilitation Act, 29 U.S.C. § 1331, for failure to provide reasonable accommodation by failing to provide a closer parking spot; and (Counts 2–5) the Fair Housing Act, 42 U.S.C. § 3604 ("FHA"), for refusal to rent to him on account of his handicap. (TAC ¶¶ 7-14.) Plaintiff also raises four state law claims against Troska. (TAC ¶¶ 15-18.) Troska now moves to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. ANALYSIS

In the prior Order (Doc. 46), the Court found the Complaint lacked any non-conclusory factual allegations from which the Court could infer that Plaintiff is disabled or "handicapped" under the relevant Acts. An essential element of a claim of failure to accommodate under the ADA or Rehabilitation Act and a housing discrimination claim based on a disability under the FHA is that the claimant is "handicapped" under the relevant Act.

> The FHA defines a "handicapped" person as one who has a "physical or mental impairment which substantially limits one or more of such person's major life activities," as well as someone who is "regarded as having such an impairment." 42 U.S.C. § 3602(h)(1), (3). "Major life activities" mean functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. 24 C.F.R. § 100.201(b).

*Hall v. Meadowland Ltd. P'ship*, 7 F. App'x 687, 689 (9th Cir. 2001).

In the TAC, instead of supporting the repeated conclusory allegations that he is "handicapped" under the Acts with factual allegations, Plaintiff actually removed any reference to a specific limiting physical condition; Plaintiff added no new relevant factual

allegations whatsoever.[1] The Court cannot plausibly infer from the non-conclusory allegations in the TAC—because there are none—that Plaintiff is substantially limited as to major life activities due to a medical condition or what that limitation might be. Plaintiff previously claimed a respiratory disability, which he has now retracted, and then a mental disability, which he also no longer mentions. In the lawsuit just prior to this one, he claimed a "skin disability." (Case No. CV-19-00063-SPL, Doc. 22.) Without adequately alleging a handicap with non-conclusory factual allegations, Plaintiff has no claim under the ADA, Rehabilitation Act, or FHA.[2]

Moreover, as for Plaintiff's failure to accommodate claim under the ADA and Rehabilitation Act, Plaintiff originally claimed Troska's alleged failure to prevent smoke from adjacent apartments from entering Plaintiff's unit was a failure to accommodate his alleged respiratory disability.[3] Now, Plaintiff alleges only that Troska failed to accommodate by refusing to give Plaintiff "a closer parking spot." Again, without adequate allegations of a disability, the failure to accommodate claim fails.

If a defect in a complaint can be cured, the plaintiff is entitled to amend it before a claim is dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Here, considering the evolution of Plaintiff's allegations in this matter and the conclusory nature of Plaintiff's present allegations, the Court finds that the defects in Plaintiff's claims, as discussed above, cannot plausibly be cured by amendment. As a result, the Court will not permit Plaintiff to amend the federal claims.

---

[1] Plaintiff attached to the TAC a conclusory statement purportedly signed by a nurse stating that he "does" meet the definition of a disabled person, but it provides no additional detail as to a specific disability or medical condition that could go to a failure to accommodate that alleged disability. Indeed, Plaintiff only attached what appears to be a small portion of the report.

[2] The Court also takes judicial notice of the state court's determination that Plaintiff is a vexatious litigant on account of the "plainly frivolous nature of his complaints." Maricopa County Superior Court Administrative Order No. 2005-184.

[3] To the extent Plaintiff still claims he had the right to an apartment without the smell of second-hand smoke, he now frames his cause of action as "warranty of habitability" and "private nuisance" claims under state law.

The Court agrees with Troska (MTD at 2-3) that, in the absence of claims under federal law, the Court lacks jurisdiction over Plaintiff's state law claims. Thus, because Plaintiff cannot state a federal question claim, the Court will dismiss the remaining state law claims for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** granting Defendant Heinz Troska's Motion to Dismiss and dismissing Heinz Troska and Heinz Troska Living Trust. (Doc. 49).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment dismissing all of Plaintiff's claims and close this case.

Dated this 22nd day of February, 2022.

Honorable John J. Tuchi
United States District Judge